■ WALLACE E. BREWER et al., Individually and Doing Business as BREWER CONTRACTING CO., Respondents, v. OSCAR RASMUSSEN, Appellant.— In an action to recover damages for injuries to person and property and to recover for medical expenses and loss of services, the appeal is (1) from so much of an order entered November 27, 1957 granting appellant's motion to dismiss the action for failure diligently to prosecute as provides that the order is to be effective unless respondents file a statement of readiness for the December 1957 Term, and (2) from so much of an order entered March 24, 1958 as resettled, on respondents' motion, the order entered November 27, 1957. Order entered March 24, 1958 modified by striking therefrom everything following the words " hereinabove referred to " in the first ordering paragraph. As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellant. Inasmuch as the delay of 43 months, after joinder of issue, in bringing the action to trial in Dutchess County is not satisfactorily explained, the dismissal should have been absolute. Appeal from order entered November 27, 1957 dismissed, without costs. (*Matter of Lee*, 6 A D 2d 897.) Beldock, Murphy, Ughetta and Hallinan, JJ., concur; Nolan, P. J., not voting.

■ JOSEPH DI BONO et al., Respondents, v. CAUSEWAY BUILDERS, INC., et al., Defendants, and LEONARDO CASTORINA et al., Appellants.— In an action by the purchasers named in a contract for the purchase and sale of real property against Causeway Builders, Inc., the seller, Leonardo and Marie Castorina, respectively the president and the secretary of the corporation, Sarah Farengo, the seller's grantee, and others, for specific performance of the contract and for other relief, the appeal is from so much of a judgment entered after trial as is in favor of respondents and against appellants. Judgment insofar as appealed from affirmed, with costs. No opinion. Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., concurs in the affirmance of the judgment with respect to appellant Farengo but dissents from the affirmance of the judgment with respect to appellants Castorina and votes to reverse the judgment as to those appellants and to dismiss the complaint as to them, with the following memorandum: Except in such cases as involve individual and separate torts, such as assault, trespass, fraud and conversion, corporate officers, acting within the scope of their authority who induce the corporation for which they are acting to breach its contract, may not be held liable in damages to the other party to the contract (*Greyhound Corp.* v. *Commercial Cas. Ins. Co.*, 259 App. Div. 317). The evidence in this case is insufficient to establish the breach by these appellants, or their corporate principal, of any obligation which they owed to respondents other than those created by the contract which is the subject of the action.